1  **KINSELLA WEITZMAN ISER KUMP**
2  **& ALDISERT LLP**
3  Howard Weitzman (SBN 38723)
   hweitzman@kwikalaw.com
4  Jeremiah T. Reynolds (SBN 223554)
5  jreynolds@kwikalaw.com
   808 Wilshire Boulevard, 3rd Floor
6  Santa Monica, California  90401
7  Telephone: 310.566.9800
   Facsimile:  310.566.9850
8
9  **KATTEN MUCHIN ROSENMAN LLP**
10 Zia F. Modabber (SBN 137388)
   zia.modabber@kattenlaw.com
11 Noah R. Balch (SBN 248591)
12 noah.balch@kattenlaw.com
   2029 Century Park East, Suite 2600
13 Los Angeles, CA 90067-3012
14 Telephone:  310.788.4400
15 Facsimile:  310.788.4471
   Attorneys for Plaintiff Optimum Productions
16

FILED
CLERK, U.S. DISTRICT COURT

JUL 1 5 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

17              UNITED STATES DISTRICT COURT

18             CENTRAL DISTRICT OF CALIFORNIA

19 OPTIMUM PRODUCTIONS, a          )  CASE NO. CV14-5503 GHK MRWx
20 California corporation,         )
                                   )  **COMPLAINT FOR:**
21        Plaintiff,               )
                                   )  **(1) VIOLATION OF LANHAM
22                                 )  ACT SECTION 43(a) [15 U.S.C.
23    vs.                          )  § 1125(a)];
                                   )  (2) FALSE ADVERTISING [CAL.
24 PREMIERE PROPS INC., a California )  BUS. & PROF. CODE § 17500];
25 corporation; AND DOES 1-10,     )  (3) UNFAIR COMPETITION [CAL.
                                   )  BUS. & PROF. CODE § 17200];
26                                 )  (4) DECLARATORY RELIEF.**
          Defendants.              )
27                                 )  **DEMAND FOR JURY TRIAL**
28 _____)

                              1
                          COMPLAINT

US_100833802

1   Optimum brings this lawsuit based on defendants' willful and
2   fraudulent efforts to sell copyrights in Michael Jackson photographs that
3   do not belong to them, but in fact belong to Michael Jackson's Estate.
4   Despite repeated warnings from the Estate regarding its copyright
5   interests, defendants falsely advertised the sale of the Estate's copyrights to
6   drive up prices in their online auction.

7                          **JURISDICTION AND VENUE**

8       1.    This is an action for false advertising and unfair business
9   practices brought pursuant to Sections 32 and 43(a) of the Lanham Act, 15
10  U.S.C. § 1125(a); for declaratory relief to establish ownership in the
11  copyrights in the photographs, pursuant to 28 U.S.C. § 2201(a); and for
12  related state law causes of action under Sections 17200 and 17500 of the
13  California Business and Professions Code.

14      2.    This Court has subject matter jurisdiction over the federal
15  question claims pursuant to 17 U.S.C. §§ 101 *et seq.*, 15 U.S.C. § 1125(a), and
16  28 U.S.C. §§ 1331 and 1338. This complaint also alleges violations of
17  California law. This Court has jurisdiction over these state law claims
18  pursuant to its supplemental jurisdiction, 28 U.S.C. § 1367(a), in that the
19  claims are so related to the above federal claims that they form part of the
20  same case or controversy.

21      3.    This Court has personal jurisdiction over the Defendants in that
22  the acts complained of herein occurred in the Central District of California.
23  In addition, Optimum is informed and believes, and on that basis alleges,
24  that Defendants reside in and are doing business in the State of California
25  and in this judicial district.

26      4.    Venue is proper in this district under 28 U.S.C. § 1391(a), (b)
27  and (c).

28

US_100833802

### THE PARTIES

5.     Plaintiff Optimum Productions ("Optimum") is a California corporation organized and existing under the laws of the State of California and wholly owned by Michael Jackson at the time of his death in June 2009. Now part of Jackson's estate, Optimum is controlled by the co-Executors of the Estate of Michael J. Jackson. Optimum is the successor-in-interest to TTC Touring Corporation ("TTC"), a California corporation that was wholly owned by Michael Jackson during his lifetime.

6.     Defendant Premiere Props Inc. ("Premiere") is a California corporation having its principal place of business at 128 Sierra Street, El Segundo, California 90245, and is an online auctioneer.

7.     The defendant identified herein as "Doe 1" is a consignor of certain photographs sold by Premiere at a "live online auction" on June 21 and 22, 2014 ("Auction"). The identity of Doe 1 is currently unknown to Optimum, but Optimum will seek leave of this Court to amend its Complaint when Doe 1's identity is determined through discovery.

8.     Optimum has demanded, in a cease and desist letter, and in communications by telephone and email with Premiere's employee Dan Levin, that Premiere provide the identity of Doe 1, who claims the rights to sell or transfer copyright in the photographs of Michael Jackson at issue. On information and belief, Levin knows Doe 1's identity but refuses to provide it to Optimum. Because Premiere has not disclosed the identity of Doe 1, and Doe 1's identity is not listed as part of the Auction, Optimum requires discovery to determine Doe 1's identity. Additionally, Premiere has not provided to Optimum any documentation showing Doe 1's claimed chain of title for the copyrights in the Photographs.

9.     Optimum is currently unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of

US_100833802

1  defendants sued herein as Does 2 through 10 ("Doe Defendants";
2  collectively with Premiere and Doe 1, "Defendants"), inclusive, and
3  therefore sues these Doe Defendants by such fictitious names. Optimum
4  will seek leave of this Court to amend its Complaint to allege the true
5  names and capacities of the fictitiously named Doe Defendants when their
6  identities have been ascertained. Optimum is informed and believes, and
7  on that basis alleges, that each of the fictitiously named Doe Defendants is
8  responsible in some manner for the occurrences herein alleged, and that
9  Optimum's damages were proximately caused by such Doe Defendants.

10      10.    Optimum is informed and believes, and on that basis alleges,
11  that at all times herein mentioned, each defendant, including Premiere,
12  Doe 1, and each of the fictitiously named Doe Defendants, was the agent,
13  affiliate, servant, employee, representative, partner, limited partner,
14  principal, aider and abettor, co-conspirator, and/or alter ego of the other
15  Defendants, and, in doing the things herein described, was acting within
16  the course and scope of such relationship, and with the permission and
17  consent of each of the other Defendants, and that each is responsible in
18  some manner for the occurrences herein alleged.

19                          **GENERAL ALLEGATIONS**

20      11.    Optimum is a corporate entity that is the successor-in-interest
21  to TTC. TTC was wholly owned by Michael Jackson, the world famous
22  recording artist and entertainer, during his lifetime. Upon Jackson's
23  untimely death on June 25, 2009, TTC came under the control of the
24  Executors of his Estate, John Branca and John McClain. TTC was merged
25  into Optimum – another entity controlled by the Jackson Estate – in the fall
26  of 2009.

27      12.    From approximately July to December 1984, Michael Jackson
28  participated in the "Victory Tour" of the United States and Canada with all

US_100833802

1  five of his brothers. The tour included 55 concert performances with over 2

2  million attendees.

3      13.   Jackson (through TTC) hired photographer Sam Emerson to

4  take pictures of him performing during the Victory Tour. On July 29, 1984,

5  TTC entered into a written "work for hire" agreement with Emerson

6  providing the following (*inter alia*):

> TTC commissions you (Emerson) to take photographs (the
> "Photographs") of Michael Jackson during all of his
> performances on the Jackson's Victory Tour commencing with
> those appearances at the Gator Bowl in Jacksonville, Florida
> through the final performance of the tour, or earlier as TTC
> may designate, in it's [sic] sole discretion.
>
> The photographs are commissioined [sic] for such commercial
> and private uses, or otherwise, as TTC may deem appropriate.
> The photographs will be considered made for hire for TTCd
> [sic] and TTC will own all copyrights, the exclusive worldwide
> publicatioin [sic] and exploitation rights, and all other rights in
> the photographs, including, without limitation, the exclusive
> rights to utilize the photographs for any purpose and in any
> medium, now known or devised in the future, perpetually and
> throughtout [sic] the world.

24  Attached hereto as **Exhibit A** is a true and correct copy of the agreement

25  between TTC and Emerson. As per the terms of the above agreement, TTC

26  was the owner of the copyrights in any and all photographs taken by

27  Emerson on the Victory Tour ("Photographs"), and all other rights in the

28  Photographs.

US_100833802

14.    In June 2014, Optimum learned that Premiere was advertising the Auction of the Photographs and corresponding 35 millimeter film slides ("Slides") of Michael Jackson from the Victory Tour. The online listings for the Auction were displayed on the website iCollector.com. In the item descriptions for each of the Photographs, and at the top of each item's webpage, Premiere and Doe 1 falsely represented to the general public that potential bidders were purchasing "a full copyright release for [their] own personal unlimited reproduction[,] printing and selling." Additionally, Premiere falsely stated that the Photographs "were commission [sic] by Joe Jackson."

15.    On June 18, 2014, the Estate and Optimum's representatives provided to Premiere by email, facsimile, and overnight mail a cease and desist letter, demanding that Premiere:

(1) immediately and permanently discontinue all use and display in any marketing, advertising, or other media connected with the Auction, including any electronic displays on Premiere and iCollector.com's websites, the following descriptions regarding the Photographs –

a.    "These photos were commission [sic] by Joe Jackson, father, founder and early manager of his children, Michael Jackson and the Jackson 5. He hired the top music concert photographers of the day to take pictures of Michael Jackson and the Jackson Five (both in individual performances and as a group), while they were on tour, and during personal appearances, as well as at family get-together's [sic]";

b.    "The purchase of this photo . . . includes a full copyright release for your own personal unlimited reproduction printing and selling to the winning bidder";

US_100833802

c.     "Never Before Seen Michael Jackson Original Photos with Negatives Including Full Copyright";

(2) desist from any reference to "copyright" in the Photographs, and any other use of the Photographs not authorized by the Jackson Parties;

(3) include the following disclaimer in each Item Description for items 151-252 in the Auction: "No intellectual property rights, including copyrights, in this photograph are being sold, nor may they be purchased through this auction";

(4) agree in writing to refrain from using any of the Jackson Parties' trademarks, copyrights, and trade names now and in the future;

(5) immediately provide to us all contact information for the consignor of the Photographs, and all documents and communications from the consignor concerning your claim that the consignor owns the copyrights in the Photographs;

(6) notify us in writing by 8 a.m. PDT tomorrow, June 19, 2014, that you have complied with the above-demands.

16.     Premiere subsequently agreed that it would escrow any funds from the winning bidders pending a court's determination of ownership to the Photographs, Slides, and corresponding copyrights. Premiere further agreed it would provide a brief disclaimer in the item description for each of the Photographs ("Disclaimers") stating: "Bidders are advised that Jackson Entertainment Corp. and the Estate of Michael Jackson have asserted a claim that they are the owners of the copyright in this photo and/or rights to the reproduction of Michael Jackson's image. Bidders are advised that all proceeds from sales and delivery of the purchased items

COMPLAINT

US_100833802

1   will be held by Premiere Props in escrow pending resolution of these

2   claims unless the successful bidders assume the risk."

3        17.   Optimum is informed and believes that Premiere did not add

4   the Disclaimers until after the auction began, and Premiere only placed the

5   Disclaimers on certain of the Auction items. Further, some of the

6   Disclaimers did not contain the statement about the Estate's claimed

7   copyright interests in the Photographs. Moreover, Premiere only placed the

8   Disclaimers at the end of certain item descriptions, below Premiere and

9   Doe 1's claim that each item "includes a full copyright release" for

10  unlimited reproduction, printing, and selling. By stating that any sale

11  included a "full copyright release," Optimum is informed and believes

12  Premiere intentionally misled the general public regarding the sale of the

13  copyrights in the Photographs to drive the price of the Photographs higher

14  in a scheme to net additional profits for Premiere and Doe 1.

15       18.   To add to the confusion over copyright ownership, Premiere's

16  Levin emailed at least one bidder stating that the Photographs were

17  provided by the Estate "with full copyright," and that certain of the

18  Photographs were "currently being reviewed [by the Estate] to allow full

19  copyright to the winning bidders." Levin made these statements after the

20  Estate objected to the sale and provided Premiere with notice that the

21  Estate (through Optimum) owned the copyrights in the Photographs.

22  Moreover, the Estate was never reviewing the Photographs to allow full or

23  any other copyright to be sold to anyone in the Auction.

24       19.   The Auction occurred on June 21 and 22, 2014, and according to

25  Premiere's website, most of the Photographs were sold to winning bidders.

26       20.   Optimum put Premiere on notice to preserve and protect any of

27  Premiere's emails and other communications ("Documents") regarding the

28  Auction because the Documents would likely be relevant in any related

US_100833802

litigation. To date, despite repeated demands, Premiere refuses to disclose the identity of Doe 1 – the unknown consignor of the Photographs – and Premiere refuses to provide any documentation showing Doe 1's purported (and false claims regarding) chain of title to the copyrights in the Photographs.

## FIRST CLAIM FOR RELIEF

### Violation of Lanham Act Section 43(a) [15 U.S.C. § 1125(a)] –

### Against All Defendants

21.    Optimum incorporates by reference paragraphs 1 through 20 above, as though fully set forth herein.

22.    Pursuant to TTC's agreement with Emerson and Optimum's succeeding to TTC's ownership rights, Optimum is the exclusive owner of the copyrights in the Photographs. Optimum has complied with the Copyright Act by filing for registrations in certain of the photographs sold by Doe 1 through Premiere to the public.

23.    Optimum did not authorize Defendants' use and attempted sale of Optimum's copyrights in the Photographs. To the contrary, Optimum warned Premiere that Optimum owned the copyrights in the Photographs and that they were not for sale. Nevertheless, Defendants willfully offered for sale to the public, and purportedly sold to winning bidders, the copyrights in the Photographs.

24.    Section 43(a) of the Lanham Act is designed to protect consumers and competitors. It provides, in relevant part:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any . . . false or misleading representation of fact, which --

. . .

US_100833802

(B)        in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

15 U.S.C. § 1125(a).

25.    Defendants made false statements of fact in commercial advertisements for the Auction and on the Auction's website at iCollector.com concerning Defendants' ownership and right to sell the copyrights in the Photographs.

26.    Defendants' statements actually deceived or had the tendency to deceive a substantial segment of the audience for the statements – the bidding consumers at the Auction.

27.    Defendants' deception is material, in that it went to the heart of what a bidding consumer was hoping to purchase, and necessarily influenced the bidding consumers' purchasing decisions.

28.    Defendants caused their false statements about their ownership of the copyrights in the Photographs to enter interstate commerce through iCollector.com and Premiere's websites.

29.    Optimum has been and is likely to be injured as a result of Defendants' false statements by a direct diversion of Optimum's ability to sell or otherwise commercially exploit the copyrights in the Photographs and/or Optimum's ability to utilize its exclusive rights under 17 U.S.C. § 106.

30.    In addition, Defendants' purported Disclaimers placed in certain of the Photographs' item descriptions were intentionally misleading. In addition, Levin's emails were intentionally misleading, as

US_100833802

1   were his false statements that the Estate had consigned certain of the
2   Photographs for the Auction and provided authorization to sell the
3   copyrights. Levin made these assertions knowing that they were untrue
4   and misleading.

5       31.   Defendants had full knowledge that the purported sale of
6   Optimum's copyrights were false advertisements, yet proceeded with the
7   sales. Defendants obtained substantial profits through the sales of the
8   Photographs to the bidding consumers by advertising that Defendants
9   were not only selling the physical Photographs but also selling "a full
10  copyright release for [the bidders'] own personal unlimited reproduction[,]
11  printing and selling."

12      32.   Defendants   knowingly   participated   in   the   creation,
13  development, and propagation of the false advertising campaign for the
14  Auction.

15      33.   Accordingly, Defendants have engaged in false advertising in
16  violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and are
17  liable to Optimum for all damages related thereto, including but not
18  limited to actual damages, infringing profits and/or statutory damages, as
19  well as costs and attorney's fees.

20      34.   Defendants' acts have caused, and will continue to cause,
21  irreparable injury to Optimum.

22      35.   Optimum is entitled to damages in an amount yet to be
23  determined, including restitution.

24      36.   Defendants' egregious conduct in auctioning to the general
25  public Optimum's copyrights in the Photographs was willful and
26  intentional, and this constitutes an exceptional case. Under 15 U.S.C. §
27  1117, Optimum is entitled to its attorney's fees.

28

COMPLAINT

1   37.   Optimum has been, and unless enjoined by this Court will
2   continue to be, damaged and irreparably harmed by Defendants' acts of
3   false advertising. Such irreparable harm constitutes an injury for which
4   Optimum has no adequate remedy at law. Accordingly, Optimum is
5   entitled to injunctive relief pursuant to Section 34 of the Lanham Act, 15
6   U.S.C. § 1116(a).

## SECOND CLAIM FOR RELIEF

### False Advertising [Cal. Bus. & Prof. Code §§ 17500 *et seq.*] –

### Against All Defendants

10  38.   Optimum incorporates by reference paragraphs 1 through 37
11  above, as though fully set forth herein.

12  39.   California's unfair competition law ("UCL") protects both
13  consumers and competitors by promoting fair competition in commercial
14  markets for goods and services. The UCL makes it unlawful:

> for any person, . . . corporation . . . or any employee thereof
> with intent directly or indirectly to dispose of real or personal
> property or to perform services . . . or to induce the public to
> enter into any obligation relating thereto, to make or
> disseminate . . . before the public in this state, . . . in any
> newspaper or other publication . . . or in any other manner or
> means whatever . . . any statement, concerning that real or
> personal property or those services . . . which is untrue or
> misleading, and which is known, or which by the exercise of
> reasonable care should be known, to be untrue or misleading
> . . . .

26  Cal. Bus. & Prof. Code § 17500.

27  40.   Defendants' statements in the advertising on Premiere and
28  iCollector.com's websites were untrue or misleading and Defendants

12

COMPLAINT

knew, or by the exercise of reasonable care should have known, that the statements were untrue or misleading.

41.     Members of the public were likely to be deceived by the false advertisements that Defendants were offering for sale, and the public were purchasing, the copyrights in the Photographs that Defendants knew, or by the exercise of reasonable care should have known, that Defendants did not own. Any reasonable consumer would have been misled by Defendants' false advertisements.

42.     On information and belief, Defendants were targeting consumers for the Auction that would buy the Photographs and Slides and use the purported copyrights in the images to mass produce items for sale that utilized the images in which Optimum owns the copyrights. Defendants knew, or by the exercise of reasonable care should have known, that offering for sale the copyrights that Defendants did not own would realize higher prices for each item at the Auction, thus garnering greater profits for Defendants.

43.     All conditions precedent to be performed by Optimum prior to filing an action under the UCL have either been performed by Optimum, or would have been futile due to Defendants' acts.

44.     Along with the other Defendants, Premiere either directly participated in the actions alleged herein or is secondarily liable through aiding and abetting, agency, conspiracy, furnishing the means for the other defendants' violations, and alter ego.

45.     Optimum has suffered harm and lost money or property as a result of Defendants' violations of the UCL, including but not limited to cloud on Optimum's title to the copyrights in the Photographs; the inability for Optimum to sell its copyrights in the Photographs; the loss of value in Optimum's copyrights because of Defendants' false claims in the

13

US_100833802

1  copyrights; and the loss of value in Optimum's copyrights because the
2  images were never published by Optimum and thus were valued by their
3  rarity.

### THIRD CLAIM FOR RELIEF

**Unfair Competition [Cal. Bus. & Prof. Code §§ 17200 *et seq.*] –**

**Against All Defendants**

7  46.   Optimum incorporates by reference paragraphs 1 through 45
8  above, as though fully set forth herein.

9  47.   The UCL provides:

10  [U]nfair competition shall mean and include any unlawful,
11  unfair or fraudulent business act or practice and unfair,
12  deceptive, untrue or misleading advertising and any act
13  prohibited by . . . Section 17500 . . . of the Business and
14  Professions Code.

15  Cal. Bus. & Prof. Code § 17200.

16  48.   Defendants' conduct as alleged herein was unlawful, unfair, a
17  fraudulent business act, deceptive, untrue, consisted of misleading
18  advertising, and was prohibited by Section 17500 of California Business
19  and Professions Code.

20  49.   Defendants committed the practices alleged in this Complaint
21  by, among other things: (1) engaging in false advertising in violation of the
22  Lanham Act section 43(a) by advertising for sale the copyrights in the
23  Photographs that Defendants did not own and were not authorized to sell
24  or license; (2) making or authorizing statements to consumers written or
25  oral that are untrue, misleading, and deceptive, and which are known, or
26  which by the exercise of reasonable care should be known, to be untrue,
27  misleading, and deceptive; (3) unfairly, fraudulently, and by misleading
28  advertising, offering for sale at the Auction, and accepting payment from

US_100833802

consumers for, the copyrights in the Photographs that Defendants do not own and cannot provide to the consumers; the consumers relied on these false statements of material fact; Defendants knew their statements about the copyright ownership and ability to sell them were untrue; Defendants intended to deceive the public with the false statements; the public justifiably relied on Defendants' statements in bidding for the copyrights; and the winning bidders were injured by paying for copyrights that they could not purchase and had no right to purchase from Defendants; and (4) violating Business and Professions Code section 17500 as set forth in paragraphs 38-45 above.

50. Defendants have committed and continue to commit such unlawful business acts or practices by offering for sale the copyrights in the Photographs for Defendants' financial gain.

51. Pursuant to California Business and Professions Code Section 17203, Optimum seeks an order of this Court enjoining the Defendants from continuing to engage, use, or employ the unlawful business acts or practices complained of herein.

52. Optimum will be irreparably harmed and/or denied an effective and complete remedy if such an order as requested herein is not granted. The aforementioned acts and practices of Defendants, and each of them, as described herein, present a serious threat to Optimum.

53. Optimum has suffered harm and loss of money or property as a result of Defendants' unfair, unlawful, fraudulent, deceptive, untrue, misleading business practices, including but not limited to cloud on Optimum's title to the copyrights in the Photographs; the inability for Optimum to sell or commercially exploit the copyrights in the Photographs; the loss of value in Optimum's copyrights because of Defendants' false claims of ownership in the copyrights; and the loss of

US_100833802

1  value in Optimum's copyrights because the images were never published
2  by Optimum and thus were valued by their rarity.

### FOURTH CLAIM FOR RELIEF

### Request for Declaratory Judgment [28 U.S.C. § 2201(a)] –

### Against All Defendants

6      54.    Optimum incorporates by reference paragraphs 1 through 53
7  above, as though fully set forth herein.

8      55.    There is an actual and justiciable controversy between
9  Optimum and Defendants as to the parties' rights in the Photographs sold
10 by Defendants and, more specifically, whether Optimum or Defendants
11 own the copyrights in the Photographs. As discussed above, Optimum
12 claims that it is the rightful owner of the copyrights in the Photographs
13 pursuant to the written work-for-hire agreement between TTC and
14 Emerson, attached hereto as **Exhibit A**. On information and belief, the
15 Defendants claim the consignor Doe 1 owns the copyrights in the
16 Photographs.

17     56.    Optimum is suffering and will continue to suffer an injury-in-
18 fact as a result of Defendants' conduct. This injury-in-fact cannot be
19 redressed without a judicial declaration of the parties' rights and
20 obligations to the copyrights in the Photographs. This Court should issue a
21 declaration to resolve the conflicts between the parties. Specifically,
22 Optimum requests a judicial declaration that Defendants have no copyright
23 ownership in the Photographs and that Optimum owns the applicable
24 copyrights in the Photographs. Such a declaration is necessary and
25 appropriate at this time so that Optimum can ascertain its rights and duties
26 with respect to the Photographs and Defendants' claims to the
27 Photographs, and with respect to third parties who may believe they have
28 somehow acquired an interest in the copyrights in the Photographs.

US_100833802

**WHEREFORE, Optimum prays for judgment as follows:**

1. **On The First Claim For Relief:**

- For all damages recoverable under the Lanham Act, including trebling the following:

        a. Defendants' profits from the Auction; and

        b. Damages sustained by Optimum, as proved at trial, including monetary damages to compensate Optimum for lost sales or loss of goodwill, Optimum's damage control costs;

- All of Optimum's costs of the action;

- As this is an exceptional case, reasonable attorney's fees under 15 U.S.C. § 1117;

- Pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116(a), for preliminary and permanent injunctions directing Defendants, and their attorneys, representatives, agents and anyone acting in concert with them, to (1) cease falsely advertising the sale of Optimum's copyrights in any manner; (2) refrain from representing to existing and prospective buyers and third parties that Defendants have the right or authority to administer, exploit, use, sell and/or grant licenses relating to Optimum's copyrights in the Photographs; (3) refrain from soliciting or accepting any money or other benefit derived from the exploitation of Optimum's copyrights in the Photographs; and (4) return all funds paid to Defendants by any buyer or any other party related to Optimum's copyrights in the Photographs, or order that such funds be held in constructive trust pending this Court's determination of the parties' rights and obligations; and

- For such sum as this Court shall find to be just, according to the circumstances of the case.

US_100833802

2.   **On The Second Claim For Relief:**

• That Defendants, their successors, agents, representatives, employees, and all persons who act in concert with Defendants be permanently enjoined from making any untrue or misleading statements in violation of Business and Professions Code section 17500, including but not limited to, the untrue or misleading statements alleged in this Complaint;

• For an injunction directing Defendants, and their attorneys, representatives, agents and anyone acting in concert with them, to (1) cease falsely advertising the sale of Optimum's copyrights in any manner; (2) refrain from representing to existing and prospective buyers and third parties that Defendants have the right or authority to administer, exploit, use, sell and/or grant licenses relating to Optimum's copyrights in the Photographs; (3) refrain from soliciting or accepting any money or other benefit derived from the exploitation of Optimum's copyrights in the Photographs; and (4) return all funds paid to Defendants by any buyer or any other party related to Optimum's copyrights in the Photographs, or order that such funds be held in constructive trust pending this Court's determination of the parties' rights and obligations;

• For restitution pursuant to Business and Professions Code section 17535 to restore to Optimum all money or property, real or personal, which may have been acquired by Defendants by means of such untrue or misleading statements or other unlawful activity as alleged in this Complaint;

• For Optimum's attorney's fees pursuant to Code of Civil Procedure section 1021.5; and

• For such further relief as this Court deems just.

US_100833802

3.   **On The Third Claim For Relief:**

• Pursuant to Business and Professions Code section 17203, Defendants, their successors, agents, representatives, employees, and all persons who act in concert with Defendants be permanently enjoined from engaging in unfair competition as defined in Business and Professions Code section 17200, including but not limited to, the acts and practices alleged in this Complaint;

• For an injunction directing Defendants, and their attorneys, representatives, agents and anyone acting in concert with them, to (1) cease falsely advertising the sale of Optimum's copyrights in any manner; (2) refrain from representing to existing and prospective buyers and third parties that Defendants have the right or authority to administer, exploit, use, sell and/or grant licenses relating to Optimum's copyrights in the Photographs; (3) refrain from soliciting or accepting any money or other benefit derived from the exploitation of Optimum's copyrights in the Photographs; and (4) return all funds paid to Defendants by any buyer or any other party related to Optimum's copyrights in the Photographs, or order that such funds be held in constructive trust pending this Court's determination of the parties' rights and obligations;

• For restitution pursuant to Business and Professions Code section 17203 to restore to Optimum all money or property, real or personal, which may have been acquired by Defendants by means of such unfair competition or other unlawful activity as alleged in this Complaint;

• For Optimum's attorney's fees pursuant to Code of Civil Procedure section 1021.5; and

• For such further relief as this Court deems just.

US_100833802

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4.     **On The Fourth Claim For Relief:**

For a declaration that: (1) Defendants have no copyright interest in the Photographs, and therefore may not distribute, sell, license, or otherwise exploit the copyrights in the Photographs; and that (2) Optimum is the rightful owner of the copyrights in the Photographs.

5.     **On All Claims for Relief:**

- For interest on all amounts at the maximum legal rate;
- For attorney's fees as permitted by law, statute, and/or contract;
- For costs of suit incurred herein; and
- For such other and further relief as this Court may deem just and proper.

Dated: July 15, 2014          KATTEN MUCHIN ROSENMAN LLP

By: _____

Zia F. Modabber
Attorneys for Plaintiff Optimum
Productions

Dated: July 15, 2014          KINSELLA WEITZMAN ISER KUMP
& ALDISERT LLP

By: _____

Howard Weitzman
Attorneys for Plaintiff Optimum
Productions

US_100833802

## DEMAND FOR JURY TRIAL

Optimum hereby demands trial by jury on all claims so triable.

Dated: July 15, 2014

KATTEN MUCHIN ROSENMAN LLP

By: _____
Zia F. Modabber
Attorneys for Plaintiff Optimum
Productions

Dated: July 15, 2014

KINSELLA WEITZMAN ISER KUMP
& ALDISERT LLP

By: _____
Howard Weitzman   by ZFM
Attorneys for Plaintiff Optimum
Productions

US_100833802

# EXHIBIT  A

TTC TOURING CORPORATION
c/o Ziffren, Brittenham & Gullen
2049 Century Park East Suite 2350
Los Angeles, California 90067

Date: _7/25/84_

Mr. Sam Emerson
348 S. Elm Drive
Beverly Hills, California 90212


Dear Sam:

The following, when signed by you and by us ("TTC"), will confirm our agreement.

    1.    TTC commissions you to take photographs (the "Photographs") of Michael Jackson during all of his performances on the Jackson's Victory Tour commencing with those appearances at the Gator Bowl in Jacksonville, Florida through the final performance of the tour, or earlier as TTC may designate, in it's sole discretion.* You will take the photographs in accordance with the plans and concepts approved by TTC and TTC's other directions, and you will deliver all unprocessed film to Shari Dub, or such other individual as TTC may designate from time to time, immediately upon conclusion of the performance each night, together with all releases, licenses, approvals and consents required for production or use of the photographs in form and substance satisfactory to TTC.

    2.    The photographs are commissioined for such commercial and private uses, or otherwise, as TTC may deem appropriate. The photographs will be considered made for hire for TTCd and TTC will own all copyrights, the exclusive worldwide publicatioin and exploitation rights, and all other rights in the photographs, including, without limitation, the exclusive rights to utilize the photographs for any purpose and in any medium, now known or devised in the future, perpetually and throughtout the world.

    3.    As full compensation for the performance of your obligations and full consideratioin for all rights in the photo-graphs, TTC agrees to pay you and you agree to accept the following:

    (a)    Weekly compensatioin at the rate of $2100.00 for each full week you are requested to hold yourself available by TTC and a pro rata portion thereof if less than a full week is utilized.

*TTC agrees to give you no less than one week's notice if your services will not be required through the final performance of the tour and in the event less than one week's notice is given then TTC shall pay you a total of $300.00 for each day less than one week's notice given.


EXHIBIT A

(b)  TTC agrees to furnish you, or reimburse you for, at TTC's sole discretion, transportation to each distant overnight location, and to furnish you with accommodations at each such overnight location.

The foregoing compensation and expenses shall be deemed to include all costs and expenses at any such overnight location, including without limitation, meals and beverages, local transportation, telephone, etc., and same shall be in lieu of, and not in addition to, any costs and/or expenses otherwise required to be paid to you.

4.  TTC will also reimburse you for your reasonable expenses for film and processing, if you are requested to process any of the film, actually incurred in making the photographs, promptly after your submission to TTC of satisfactory substantiation. You will not be entitled to reimbursement for any expenses in connection with the releases and other documents mentioned in paragraph 1 above, or for any other expenses except those specified in the first sentence of this paragraph, except as expressly agreed by TTC in writing in advance.

5.  TTC agrees to furnish you with transportation to and from each airport and each location of the performances.

6.  TTC, in its sole discretion, may provide to you one copy of any or all of the Photographs solely for your file purposes and you may exhibit them (but not for compensation) as examples of your work. You will not publish them or make any other use of the photographs without TTC's prior written permission in each instance. TTC may withhold that permission for any reason, in its sole discretion. If TTC grants such permission, you will cause TTC's copyright notice to be affixed to each reproduction of the photographs you make or authorize, and will comply with all other conditions TTC may prescribe.

7.  You warrant and represent that:

(a)  You have the right and power to enter into and fully perform this agreement;

(b)  No use of the photographs by TTC or its licensees for the purposes set forth herein will violate any law or infringe any rights of others; and

(c)  TTC shall not be required to make any payments in connection with the photographs or their use, except as specifically provided in this agreement.

-2-

EXHIBIT A

23

8.   You agree to indemnify and hold TTC and any licensee of TTC harmless from all claims, damages, liabilities and expenses (including reasonable counsel fees and legal expenses) arising out of any breach of your warranties or arising out of any breach of this agreement.

9.   This agreement contains the entire understanding of the parties and will be governed by the laws of California applicable to contracts entered into in California and entirely performed therein.   No change of this agreement will be binding upon TTC unless it is made by an instrument signed by you and an authorized signatory of TTC.   TTC may assign its rights under this agreement in whole or in part.   You will perform under this agreement as an independent contractor and not as TTC's agent or employee.

Very truly yours,


TTC TOURING CORP.


By:_____
         Its Authorized Signatory


ACCEPTED AND AGREED TO:

_____
SAM EMERSON


KWL:letter9/Emerson(1-3)

-3-


EXHIBIT A

24

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

_____ Central ___ District of California _____

Optimum Productions, a California
Corporation,

_____

*Plaintiff(s)*

v.

Premiere Props Inc., a California
corporation; and Does 1-10.

_____

*Defendant(s)*

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. CV14-5503 GHK MRWx

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Premiere Props Inc.
c/o Agent for Service of Process:
Greg S. Bernstein
9601 Wilshire Boulevard, Suite 240
Beverly Hills, CA 90210

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Katten Muchin Rosenman LLP: Zia F. Modabber and Noah R. Balch
2029 Century Park East, Suite 2600, Los Angeles, CA 90067

Kinsella Weitzman Iser Kump & Aldisert LLP: Howard Weitzman and Jeremiah Reynolds
808 Wilshire Blvd., 3rd Floor, Santa Monica, CA 90401

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

CHRIS SAWYER

Date: July 15, 2014 _____

_____
*Signature of Clerk or Deputy Clerk*

1149

AO-440

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.


Date: _____             _____
                                                                    *Server's signature*

                                                        _____
                                                                    *Printed name and title*


                                                        _____
                                                                    *Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
**Optimum Productions,** a California corporation

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
**Premiere Props Inc.,** a California corporation; and Does 1-10

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310-788-4400
Facsimile: 310-788-4471

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This is an action for false advertising and unfair business practices brought pursuant to 15 U.S.C. § 1125(a); for declaratory relief to establish ownership of copyrights in certain photographs, pursuant to 28 U.S.C. § 2201(a); and for related state law causes of action under  Cal. Bus. & Prof. Code §§17200 and 17500.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☒ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number: _____   CV14-5503

CV-71 (09/13)                    CIVIL COVER SHEET                    Page 1 of 3
CCD-CV71

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes   ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes   ☒ No | **A PLAINTIFF?** Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?** Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C:  Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1.  Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2.  Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | **Western** |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a).  IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?   [X] NO   [ ] YES

If yes, list case number(s): _____

**IX(b).  RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?   [X] NO   [ ] YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   [ ]  A. Arise from the same or closely related transactions, happenings, or events; or

[ ]  B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]  C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]  D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____   DATE: July 15, 2014

Zia F. Modabber; Attorney for Plaintiff

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |